# 23-476

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

CANDICE D'CUNHA,

*Plaintiff-Appellant*,

*v.*

NORTHWELL HEALTH SYSTEMS,

*Defendant-Appellee.*

On Appeal from the U.S District Court for the
Southern District of New York

**PLAINTIFF-APPELLANT'S PETITION FOR REHEARING EN BANC**

EDWARD SCOTT LLOYD
LLOYD · LEMMON · HALE, PLLC
15 Chester Street
Front Royal, Virginia 22630
(540) 823-1110

*Counsel for Plaintiff-Appellant*

## **THE ISSUE MERITING EN BANC CONSIDERATION**

Plaintiff-Appellant Candice D'Cunha petitions this Court under Rule 35(b) of the Federal Rules of Appellate Procedure for rehearing *en banc* of the Panel's Summary Order, dated November 17, 2023. A copy of the Summary Order is attached as an Addendum.

The full Court should decide whether an employer's purported need to comply with an Executive Order may constitute an "undue hardship" as a defense for an employer's failure to accommodate religious belief under Title VII of the Civil Rights Act of 1964, when enforcement of that Executive Order was enjoined at the time of the employee's termination.

Dr. D'Cunha brought a suit under Title VII of the Civil Rights Act of 1964, claiming that her employer, Northwell Health Systems, failed to accommodate her religious beliefs preventing her from accepting the COVID-19 vaccine, among other claims.[1]

## **ARGUMENT**

The Panel affirmed the District Court's dismissal of Dr. D'Cunha's religious Title VII claims, agreeing with the Defendant-Appellee that accommodating Dr. D'Cunha would take it out of compliance with New York State Department of Health's ("DOH") State Mandate, issued on August 26, 2021, mandating that all

---

[1] Dr. D'Cunha does not seek review of the Panel's findings related to her other claims.

2

personnel employed in covered entities, such as hospitals, be vaccinated by September 27, 2021. *See*, N.Y. COMP. CODES R. & REGS. tit. 10, § 2.61.

At the time of Dr. D'Cunha's termination, however, the Northern District of New York had enjoined enforcement of the mandate. *Dr. A v. Hochul*, No. 21-CV-1009, 2021 WL 4189533, at *1 (N.D.N.Y. Sept. 14, 2021). The reality is that, at the time of Dr. D'Cunha's termination, Northwell faced no risk for non-compliance with the mandate. In contrast to Dr. D'Cunha, who lost her job.

This potential risk of punishment by the state is the only reason that the Panel cited for upholding the District Court's dismissal of Dr. D'Cunha's religious accommodation claim. In support of the notion that compliance with a mandate which had enforcement enjoined, the Panel cites only one case from a lower court, *Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.,* No. 22-CV-2929 (CS), 2023 WL 3467143, at *5 n.5 (S.D.N.Y. May 15, 2023).

Given the importance that the Supreme Court has put on religious accommodation, according religious practices "favored treatment" in *EEOC v. Abercrombie & Fitch Stores, Inc*., 575 U.S. 768, 775 (2015) the full Court should consider this issue *en banc.*

3

Dated this 1ˢᵗ day of December, 2023.

          Respectfully submitted,

          */s/ Edward Scott Lloyd*
          EDWARD SCOTT LLOYD, ESQ.
          LLOYD · LEMMON · HALE PLLC
          15 Chester Street
          Front Royal, Virginia 22630
          (540) 823-1110

          *Counsel for Plaintiff-Appellant*

CERTIFICATION UNDER F.R.A.P 32(g)

Pursuant to Fed. R. App. P. 32(g), the undersigned hereby certifies that:

1.      This petition complies with the type-volume limitation, as provided in Fed. R. App. P. 35(b)(2), because, exclusive of the exempted portions of the petition, the petition contains 1,329 words.

2.      This brief complies with the type-face requirements, as provided in Fed. R. App. P. 32(a)(5), and the type-style requirements, as provided in Fed. R. App. P. 32(a)(6), because the brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font.

3.      As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Dated this 1st day of December, 2023.

                                                    */s/ Edward Scott Lloyd*
                                                   EDWARD SCOTT LLOYD, ESQ.
                                                   15 Chester Street
                                                 Front Royal, Virginia 22360
                                                 (540) 823-1110

23-476-cv
*D'Cunha v. Northwell Health Systems*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# **SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by federal rule of appellate procedure 32.1 and this court's local rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges.*

_____

CANDICE D'CUNHA,

> *Plaintiff-Appellant*,

v. 23-476-cv

NORTHWELL HEALTH SYSTEMS,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT: E. SCOTT LLOYD, Lloyd Lemmon, PLLC, Front Royal, VA.

| | |
|---|---|
| FOR DEFENDANT-APPELLEE: | DANIEL GOMEZ-SANCHEZ, Littler Mendelson P.C., Melville, NY. |

Appeal from the March 1, 2023, judgment of the United States District Court for the Southern District of New York (Mary K. Vyskocil, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Candice D'Cunha appeals from a judgment of the district court (Vyskocil, *J.*) dismissing her discrimination claims against Defendant-Appellee Northwell Health Systems ("Defendant"). In her complaint, D'Cunha, a former medical resident at Staten Island University Hospital, alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") when it refused to accommodate her requests for a COVID-19 vaccine exemption and terminated her employment in October 2021.

In particular, D'Cunha alleges that, in August 2021, Defendant announced a mandate that its employees must receive either a COVID-19 vaccination or an exemption by September 27, 2021, or face termination. In early September, D'Cunha submitted a request for a *religious* exemption based on her beliefs as a "lifelong practicing Roman Catholic," and Defendant informed her that they were no longer accepting any religious-exemption requests. Joint App'x at 19. Shortly thereafter, D'Cunha submitted a request for a *medical* exemption, requesting delay of vaccination until after her pregnancy, which Defendant denied. D'Cunha then resubmitted her request for a *religious* exemption on

2

September 30, 2021, which Defendant rejected the next day. D'Cunha, who remained unvaccinated, was then terminated in early October.

D'Cunha's amended complaint asserts three causes of action: (1) religious discrimination under Title VII, (2) sex discrimination under Title VII, and (3) disability discrimination under the ADA. First, D'Cunha alleges that Defendant discriminated against her religious beliefs when it refused to accommodate her request for a religious exemption. Second, D'Cunha alleges that Defendant discriminated against her on the basis of sex when it refused to accommodate her medical-exemption request. Third, D'Cunha alleges that Defendant also discriminated against her on the basis of a perceived disability when it refused to grant the medical-exemption request.[1] D'Cunha's amended complaint seeks, *inter alia*, reinstatement of her employment and an award of compensatory and punitive damages.

On March 1, 2023, the district court dismissed D'Cunha's complaint, finding that she had failed to plausibly allege discrimination under both Title VII and the ADA. As for D'Cunha's religious-accommodation claim, the district court held that D'Cunha had failed to state a plausible claim because her religious-exemption request was foreclosed by this Court's decision in *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266 (2d Cir. 2021), *clarified*, 17 F.4th 368 (2d Cir. 2021), *cert. denied sub nom. Dr. A. v. Hochul*, 142 S. Ct. 2569

---

[1] In particular, D'Cunha alleges that "despite providing a laboratory-confirmed antibody count," Defendant perceived her as being "impaired in her immunity to [COVID-19]" and believed that she "is a carrier or a potential carrier of [the COVID-19 virus]." Joint App'x at 14.

3

(2022), which upheld New York State's mandate requiring all medically-eligible hospital "personnel" to receive a COVID-19 vaccination ("State Mandate").  The court further concluded that granting the religious-exemption request would have posed an undue hardship on Defendant because of the health and safety threat an unvaccinated resident would have posed to hospital patients, co-workers, and visitors.

The district court, likewise, dismissed D'Cunha's sex-discrimination claim because it held, *inter alia*, that D'Cunha's amended complaint had failed to plausibly allege that she was terminated because of her pregnancy status.  Regarding D'Cunha's claim for disability discrimination, the district court concluded that D'Cunha had failed to exhaust her administrative remedies by not giving the Equal Employment Opportunity Commission ("EEOC") adequate notice of her ADA claim in her filings.  The district court held that D'Cunha's ADA claim failed on its face as well because D'Cunha did not allege that she had a present disability, and because her unvaccinated status made her inherently unqualified for her position.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

We review *de novo* a dismissal of a complaint under Rule 12(b)(6).  *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 495 (2d Cir. 2021).  To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to

4

relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted). When reviewing the district court's decision, we are permitted to consider the facts alleged in D'Cunha's "amended complaint, which are accepted as true, . . . documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in [D'Cunha's] possession or of which [D'Cunha] had knowledge and relied on in bringing suit." *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 180 (2d Cir. 2014) (internal quotation marks and citation omitted).

On appeal, D'Cunha asserts that the district court improperly dismissed all of her claims. In particular, D'Cunha contends that the district court erred in holding that Defendant would suffer undue hardship in accommodating her religious beliefs. D'Cunha further argues that the district court erred in dismissing her sex-discrimination claim because, "upon information and belief," Defendant granted exemptions to accommodate other employees' medical conditions and pregnancies. Finally, D'Cunha argues that she exhausted her administrative remedies because one of the charges that she filed with the EEOC referenced her high level of COVID-19 antibodies, thereby giving the EEOC adequate notice of her ADA claim. We address each cause of action in turn.

**I. Religious Discrimination**

We first hold that the district court correctly dismissed D'Cunha's religious-discrimination claim. We affirm the court's decision on the grounds that the sole religious accommodation sought by Plaintiff—an exemption from the COVID-19 vaccination

5

requirement while continuing to provide direct patient care as a resident—would have posed an undue hardship on Defendant because it would have required it to violate the New York State Department of Health's ("DOH") State Mandate, issued on August 26, 2021, mandating that all "personnel" employed in "covered entities," such as hospitals, be vaccinated by September 27, 2021. *See* N.Y. COMP. CODES R. & REGS. tit. 10, § 2.61.

To survive a motion to dismiss, a plaintiff asserting a Title VII religious-discrimination claim must plausibly allege that "(1) [he or she] held a bona fide religious belief conflicting with an employment requirement; (2) [he or she] informed [his or her] employers of this belief; and (3) [he or she] [was] disciplined for failure to comply with the conflicting employment requirement." *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001) (citation omitted). An employer does not violate Title VII, however, if it can show that the prospective accommodation "would cause the employer to suffer an undue hardship." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002). In a recent decision, the Supreme Court rejected the "more than *de minimis*" standard first articulated by that Court in *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977), and clarified that undue hardship is, instead, "shown when a burden is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). The defense of undue hardship "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint." *Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (internal quotation marks and citation omitted).

6

Here, when Defendant denied D'Cunha's request for a religious exemption and terminated her employment, the State Mandate required all "[c]overed entities," like Defendant, to "continuously require personnel to be fully vaccinated against COVID-19."[2] N.Y. COMP. CODES R. & REGS. tit. 10, § 2.61(c). The State Mandate contained a medical, but not a religious exemption. *See id.* § 2.61(d)(1); *see also We the Patriots*, 17 F.4th at 292. In *We the Patriots*, this Court considered the validity of the State Mandate at the preliminary injunction stage, and held that healthcare workers were not likely to succeed on their claim that the State Mandate violated the Supremacy Clause because "Title VII does not require covered entities to provide the accommodation that Plaintiffs prefer—in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated." 17 F.4th at 292.

D'Cunha does not dispute that Defendant is a covered entity under the State Mandate or that she fell under its definition of "personnel." As such, Defendant could not have granted her religious-exemption request without violating the State Mandate, exposing itself to potential penalties, and thereby suffering an undue hardship.[3] *See*

---

[2] The State Mandate defined "personnel" as "all persons employed or affiliated with a covered entity, whether paid or unpaid, including but not limited to employees, members of the medical and nursing staff, contract staff, students, and volunteers, who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." N.Y. COMP. CODES R. & REGS. tit. 10, § 2.61(a)(2).

[3] The Northern District of New York's temporary bar on DOH enforcement; *see Dr. A v. Hochul*, No. 21-CV-1009, 2021 WL 4189533, at *1 (N.D.N.Y. Sept. 14, 2021); does not alter our conclusion that undue hardship existed in this case because the State Mandate was still valid law during the injunction period. *See, e.g., Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.,*

7

*Cassano v. Carb*, 436 F.3d 74, 75 (2d Cir. 2006); *Lowman v. NVI LLC*, 821 F. App'x 29, 32 (2d Cir. 2020) (summary order) (affirming dismissal of religious-accommodation claim where "[social security number] disclosure policy is mandated by federal law" and employer "cannot depart from the policy to accommodate without suffering an undue hardship"); *cf. Bey v. City of N.Y.*, 999 F.3d 157, 170 (2d Cir. 2021) ("Title VII cannot be used to require employers to depart from binding federal regulations.").

Our conclusion is consistent with the Supreme Court's clarification of the "undue hardship" standard in *Groff* because the burden placed on an employer from violating a state law, like the State Mandate in this case, is both "excessive" and "unjustifiable." *Groff*, 600 U.S. at 469. As such, the district court correctly dismissed D'Cunha's claim of religious discrimination.[4]

## II. Sex Discrimination

The district court also did not err in holding that D'Cunha's complaint failed to plausibly allege that Defendant discriminated against her on the basis of sex. When asserting a *prima facie* case of sex discrimination, a plaintiff must establish that "she is a member of a protected class," "she satisfactorily performed the duties required by the

---

No. 22-CV-2929 (CS), 2023 WL 3467143, at *5 n.5 (S.D.N.Y. May 15, 2023) (holding that permitting religious exemptions during the injunction period would have still exposed employers to legal liability). Indeed, the bar on DOH enforcement was promptly vacated by this Court on October 29, 2021. *See Dr. A v. Hochul*, 567 F. Supp. 3d 362 (N.D.N.Y. 2021), *vacated and remanded sub nom. We the Patriots USA, Inc. v. Hochul*, Nos. 21-2179, 21-2566, 2021 WL 5103443 (2d Cir. Oct. 29, 2021).

[4] The fact that the State Mandate was repealed in October 2023 does not change our analysis in the present case as the events at issue occurred in 2021.

8

position," "she was discharged," and her discharge "occurred in circumstances giving rise to an inference of unlawful discrimination." *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019) (internal quotation marks and citation omitted). Likewise, a plaintiff alleging pregnancy discrimination based on the denial of an accommodation must show "that she belongs to the protected class, that she sought an accommodation, that the employer did not accommodate her, and that the employer did accommodate others 'similar in their ability or inability to work.'" *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 229 (2015).

Here, D'Cunha does not plausibly allege that she was terminated because of her sex. Instead, she alleges that she was terminated by Defendant because of her refusal to get the COVID-19 vaccine. *See, e.g.*, Joint App'x at 8–9 (asserting in the amended complaint that Defendant fired D'Cunha because it "insisted that [D'Cunha] take a vaccine that she could not accept as a matter of concern for her unborn child and her conscience, medical training, common sense, and religious beliefs"). Her amended complaint lacks even "minimal support for the proposition," at the motion to dismiss stage, that Defendant discharged D'Cunha because of her pregnancy, rather than her status as an unvaccinated, patient-facing resident. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015).

Likewise, to the extent that D'Cunha alleges that the denial of her medical-accommodation request constituted sex discrimination, her complaint does not plausibly

9

allege that Defendant treated her less favorably than non-pregnant employees "similar in their ability or inability to work." *Young*, 575 U.S. at 229. Even if we were to accept as true D'Cunha's assertion that "upon information and belief Defendant granted exemptions to several of its employees to accommodate their pregnancies," it only undermines an inference of discriminatory intent. Joint App'x at 13; *see Turner v. Eastconn Reg'l Educ. Serv. Ctr.*, 588 Fed. App'x 41, 44 (2d Cir. 2014) (summary order) (explaining that allegations "that a similarly situated pregnant employee . . . received favorable treatment would undermine any inference that the [d]efendants were motivated by anti-pregnancy animus"). As such, we hold that the district court correctly dismissed D'Cunha's sex-discrimination claim.

### III. Disability Discrimination

Finally, the district court properly held that D'Cunha had failed to exhaust her administrative remedies with respect to her ADA claim. A plaintiff seeking to bring an ADA claim must ordinarily exhaust administrative remedies through the EEOC. *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018). Claims which are not asserted before the EEOC may still be pursued, however, if they are "reasonably related" to the other claims filed with the agency. *Id.* (citation omitted). "The central question [in such an inquiry] is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases." *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (internal quotation marks and citation

10

omitted).

Here, nothing within the charges that D'Cunha filed with the EEOC alleges discrimination based on a perceived disability. Contrary to D'Cunha's assertion, the statement "I have [COVID-19] antibodies in the highest range," even when read liberally, is not enough to give the EEOC adequate notice to investigate a disability-discrimination claim. Joint App'x at 161. As such, we conclude that D'Cunha did not assert a disability-discrimination claim before the EEOC. Further, because D'Cunha's disability-discrimination claim is not "reasonably related" to her other claims of religious and sex discrimination, we hold that the district court properly dismissed her claim.[5]

\* \* \*

We have considered D'Cunha's remaining arguments and consider them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court



---

[5] Because we affirm the district court's dismissal of D'Cunha's discrimination claims under Title VII and the ADA on the aforementioned grounds, we need not address the district court's alternative grounds for dismissal. *See, e.g., Curtis v. Greenberg*, No. 22-252-CV, 2023 WL 6324324, at *2 n.3 (2d Cir. Sept. 29, 2023).

United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

Date: November 17, 2023
Docket #: 23-476cv
Short Title: D'Cunha v. Northwell Health Systems

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

DC Docket #: 22-cv-988
DC Court: SDNY (NEW YORK CITY)
DC Judge: Vyskocil

# BILL OF COSTS INSTRUCTIONS

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
*   be filed within 14 days after the entry of judgment;
*   be verified;
*   be served on all adversaries;
*   not include charges for postage, delivery, service, overtime and the filers edits;
*   identify the number of copies which comprise the printer's unit;
*   include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
*   state only the number of necessary copies inserted in enclosed form;
*   state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
*   be filed via CM/ECF or if counsel is exempted with the original and two copies.

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: November 17, 2023
Docket #: 23-476cv
Short Title: D'Cunha v. Northwell Health Systems

DC Docket #: 22-cv-988
DC Court: SDNY (NEW YORK CITY)
DC Judge: Vyskocil

# VERIFIED ITEMIZED BILL OF COSTS

Counsel for
_____

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the
_____

and in favor of
_____

for insertion in the mandate.

Docketing Fee       _____

Costs of printing appendix (necessary copies _____ ) _____

Costs of printing brief (necessary copies _____ ____ ) _____

Costs of printing reply brief (necessary copies _____ ) _____

**(VERIFICATION HERE)**

_____
Signature